IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01093-REB-PAC

JUSTIN JOSEPH RUEB,

 Plaintiff(s),

v.

LOUIS MORALES, et al.,

 Defendant(s).

## ORDER

Patricia A. Coan, United States Magistrate Judge

 This is a *pro se* civil rights action under 42 U.S.C. §1983. The matter before the court is plaintiff's Motion to Stay the Filing of the Attached Amended Complaint until this Court Rules on the Remainder of the Appeal Remand Issues, and the Appeals Court Rules on the Remainder of Plaintiff's Appeal [filed June 30, 2005].

 On January 21, 2005, the District Judge ordered plaintiff to file an Amended Complaint within thirty days, withdrawing and excising plaintiff's claims for which he failed to exhaust administrative remedies.[1] *See* January 21, 2005 Order Re: Objections to Recommendation of the United States Magistrate Judge, at 6. The District Judge advised plaintiff that failure to comply would result in dismissal of the case. *Id.* Plaintiff was thereafter granted three extensions of time to file his Third Amended Complaint. *See* February 23, 2005 Minute Order; May 17, 2005 Order; June 9, 2005 Minute Order.

 Plaintiff tendered his Third Amended Complaint to the court on June 30, 3005, as

---

[1] The unexhausted claims are listed on page five of the January 21, 2005 Order, in paragraphs (2) and (4).

Civil Action No. 99-cv-01093-REB-PAC
July 7, 2005

an attachment to his Motion to Stay the Filing of the Attached Amended Complaint. Plaintiff complains, as he did in his March 10, 2005 "Motion to Vacate the Court's 1-21-05 Order of Partial Dismissal of this Case, and to Make Further Rulings in Compliance with the Appeal's Court's 2-24-04 Remand Order, and Request for Extension of Time to File Amended Complaint," that this court has failed to address two of the three issues that were the subject of the Tenth Circuit Court of Appeals' remand order in *Rueb v. Morales*, 91 Fed.Appx. 95, 2004 WL 206310 (10th Cir. (Colo.) 2004). Plaintiff asks the court to stay the filing of the tendered Third Amended Complaint until the court rules on the other remand issues.

This action was dismissed with prejudice by the District Court on May 29, 2002. On appeal, the Tenth Circuit remanded the case to the district court for determination of the following issues: (1) whether plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a); (2) whether the statute of limitations was tolled while plaintiff was attempting to exhaust his administrative remedies; and (3) whether plaintiff should be allowed to pursue his claims outside the limitations period under a continuing violation theory. *Rueb*, 2004 WL 206310 at *2-3. The District Court's January 21, 2005 Order addressed plaintiff's exhaustion of administrative remedies only.

The exhaustion of administrative remedies required by the PLRA is a statutory prerequisite to suit. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1208-09 (10th Cir. 2003). As I advised plaintiff in my May 17, 2005 Order, this court will not reach the other

Civil Action No. 99-cv-01093-REB-PAC
July 7, 2005

remand issues until the plaintiff files a Third Amended Complaint asserting only those claims from his Second Amended Complaint which the District Judge deemed exhausted in his January 21, 2005 Order.

Plaintiff also expresses confusion about whether the claims dismissed by the District Court on May 29, 2002 are still viable. The procedural effect of the Tenth Circuit's February 4, 2004 decision remanding this action to the district court was to suspend the district court's May 29, 2002 order dismissing several of plaintiff's claims. When this court addresses the two remaining remand issues, the court <u>may</u> ultimately conclude that some of the claims previously determined to be time-barred were timely filed because the statute of limitations was tolled while plaintiff pursued his administrative remedies, or based on application of the continuing violation theory.

I have reviewed the tendered Third Amended Complaint submitted by plaintiff. Some of the claims that the District Judge deemed exhausted in the January 21, 2005 Order are omitted from the tendered amended pleading. Because of plaintiff's confusion regarding the effect of the Tenth Circuit's remand order, I will allow plaintiff one opportunity to tender a new third amended complaint to the court to add those claims.

I also note that the tendered Third Amended Complaint contains a claim (claim one) which the court deemed unexhausted in the January 21, 2005 Order. Plaintiff must withdraw that claim from his tendered Third Amended Complaint or the court will recommend dismissal of this case. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004)(holding that PLRA's exhaustion requirement is a "total exhaustion" rule and

Civil Action No. 99-cv-01093-REB-PAC
July 7, 2005

that the presence of unexhausted claims in a complaint normally requires the district court to dismiss the complaint in its entirety without prejudice).

Finally, plaintiff states in his Motion to Stay, at p. 3, that the tendered Third Amended Complaint contains several additional claims "that stem from the claims that [he is] allowed to proceed on." Plaintiff's third amended complaint must comply with the January 21, 2005 Order specifying what claims may be asserted in a third amended complaint. The District Judge advised plaintiff that his case would be dismissed if he "[did] not file an amended complaint in compliance with this Order." **Plaintiff may not add any new claims in his Third Amended Complaint.**

For the reasons set forth above, it is

**ORDERED** that plaintiff's Motion to Stay the Filing of the Attached Amended Complaint until this Court Rules on the Remainder of the Appeal Remand Issues, and the Appeals Court Rules on the Remainder of Plaintiff's Appeal [filed June 30, 2005] is **DENIED.** It is

**FURTHER ORDERED** that plaintiff may have <u>one final chance</u> to tender a third amended complaint to the court **on or before July 29, 2005** which contains only those claims which the District Judge deemed exhausted in his January 21, 2005 Order. **Failure to file a Third Amended Complaint in compliance with this Order and with the District Judge's January 21, 2005 Order by July 29, 2005 will result in a recommendation that this case be dismissed.** It is

**FURTHER ORDERED** that the tendered Third Amended Complaint, received by the

Civil Action No. 99-cv-01093-REB-PAC
July 7, 2005

court on June 30, 2005, is **STRICKEN**.

       Dated July 7, 2005.

                                      BY THE COURT:

                                      s/ Patricia A. Coan
                                      PATRICIA A. COAN
                                      United States Magistrate Judge