IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01093-REB-PAC

JUSTIN JOSEPH RUEB,

      Plaintiff(s),

v.

LOUIS MORALES, et al.,

      Defendant(s).

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

      This is a *pro se* civil rights action under 42 U.S.C. §1983.  The matter before the court is plaintiff's Third Amended Prisoner Complaint [filed August 3, 2005].  The court has reviewed the complaint for compliance with the District Judge's January 21, 2005 Order and the undersigned's July 7, 2005 Order.

      On January 21, 2005, the District Judge ordered plaintiff to file a Third Amended Complaint within thirty days, withdrawing and excising plaintiff's claims for which he failed to exhaust administrative remedies.[1]  *See* January 21, 2005 Order Re: Objections to Recommendation of the United States Magistrate Judge, at 6.  Plaintiff was granted four extensions of time and filed his Third Amended Prisoner Complaint on August 3, 2005.[2]

---

[1] The unexhausted claims are listed on page five of the January 21, 2005 Order, in paragraphs (2) and (4).

[2] Although the Third Amended Prisoner Complaint was filed six days after the July 29, 2005 deadline, under the prisoner mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270 (1988), a *pro se* prisoner's pleading is deemed filed on the date he delivers the pleading to prison officials for mailing. Plaintiff did not attach a Certificate of Service to his Third Amended Complaint; however, I assume, absent evidence to the contrary, that plaintiff gave the pleading to prison officials for mailing on or before July 29, 2005.

The Third Amended Complaint generally complies with the District Judge's January 21, 2005 Order.  Plaintiff has asserted only those claims which the District Judge deemed exhausted.  However, plaintiff also added eight new defendants (the Administrative Review Board, Dixon, Michael Drennan, Hansen, Hibbard, John St. Clair, Sandoval, and Voigt) who were not named in the Second Amended Complaint.  Plaintiff does not represent that the new individuals are persons who were previously identified as John or Jane Doe defendants.

The court has not granted plaintiff permission to add new defendants.  Indeed, a May 29, 2002 Order denying a previous request by plaintiff to amend his pleading to add new claims and defendants was upheld by the Tenth Circuit Court of Appeals.  *See* May 29, 2002 Order Approving Magistrate Judge's Recommendations;  *Rueb*, 91 Fed.Appx. at 99-100.

Accordingly, it is

**RECOMMENDED** that the Administrative Review Board,[3] Dixon, Michael Drennan, Hansen, Hibbard, John St. Clair, Sandoval, and Voigt be **DISMISSED** as named defendants in this action.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which**

---

[3]The Administrative Review Board Committee of the Adams County Detention Facility should be dismissed for the additional reason that it is not a legal entity separate from Adams County and is thus not capable of being sued.

**objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated August 11, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge