IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01093-REB-PAC

JUSTIN JOSEPH RUEB,

    Plaintiff(s),

v.

LOUIS MORALES, et al.,

    Defendant(s).

ORDER

Patricia A. Coan, United States Magistrate Judge

This is a *pro se* civil rights action under 42 U.S.C. §1983.  The matter before the court is plaintiff's Third Amended Prisoner Complaint [filed August 3, 2005].  The court has reviewed the complaint for compliance with the District Judge's January 21, 2005 Order and the undersigned's July 7, 2005 Order.

On January 21, 2005, the District Judge ordered plaintiff to file a Third Amended Complaint within thirty days, withdrawing and excising plaintiff's claims for which he failed to exhaust administrative remedies.[1]  *See* January 21, 2005 Order Re: Objections to Recommendation of the United States Magistrate Judge, at 6.  Plaintiff was thereafter granted four extensions of time to file his amended pleading. *See* February 23, 2005 Minute Order; May 17, 2005 Order; June 9, 2005 Minute Order; July 7, 2005 Order. Plaintiff's Third Amended Complaint was due on or before July 29, 2005.

Plaintiff's Third Amended Prisoner Complaint was filed on August 3, 2005, six days

---

[1] The unexhausted claims are listed on page five of the January 21, 2005 Order, in paragraphs (2) and (4).

Civil Action No. 99-cv-01093-REB-PAC
August 11, 2005

after the court-ordered deadline. However, under the prisoner mailbox rule of *Houston v. Lack*, 487 U.S. 266, 270 (1988), a *pro se* prisoner's pleading is deemed filed on the date he delivers the pleading to prison officials for mailing. Although plaintiff did not attach a Certificate of Service to his Third Amended Complaint,[2] I assume, absent evidence to the contrary, that plaintiff gave the pleading to prison officials for mailing on or before July 29, 2005.

I find that the Third Amended Prisoner Complaint generally complies with the District Judge's January 21, 2005 Order. Plaintiff has asserted only those claims which the District Judge deemed exhausted. However, plaintiff also added eight new defendants (the Administrative Review Board, Dixon, Michael Drennan, Hansen, Hibbard, John St. Clair, Sandoval, and Voigt) who were not named in the Second Amended Complaint. Plaintiff does not represent that the new individuals are persons who were previously identified as John or Jane Doe defendants. I have filed a separate Recommendation to dismiss the new defendants.

Accordingly, it is

**HEREBY ORDERED** that defendants, other than the Administrative Review Board, Dixon, Michael Drennan, Hansen, Hibbard, John St. Clair, Sandoval, and Voigt, shall file an Answer or other responsive pleading to the Third Amended Prisoner Complaint **on or before September 2, 2005.**

---

[2] I note that the "Declaration of Penalty of Perjury" on p. 40 of the Third Amended Complaint reflects that plaintiff executed the amended pleading on June 1, 2005.

Civil Action No. 99-cv-01093-REB-PAC
August 11, 2005

      Dated August 11, 2005.

                                        BY THE COURT:

                                        s/ Patricia A. Coan
                                        PATRICIA A. COAN
                                        United States Magistrate Judge