IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01093-REB-PAC

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

LOUIS MORALES, *et al.*,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

    This is a *pro se* civil rights action under 42 U.S.C. §1983. The matter before the court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [filed August 29, 2005]. Defendants filed their response to the motion on September 12, 2005. The motion has been referred to the undersigned for recommendation.

    Plaintiff claims in his Third Amended Complaint, filed August 3, 2005, that his constitutional rights were violated while he was housed in the Adams County jail in 1996 and 1997 as a pretrial detainee and as a convicted prisoner. Plaintiff asserts that he was denied visitation rights, denied his incoming mail, placed in administrative segregation without a hearing, denied humane conditions of confinement, subjected to excessive force and excessive cell searches, denied access to the courts, denied his personal property, and denied adequate medical and psychiatric care, in violation of his First, Eighth and Fourteenth Amendment rights. Plaintiff also claims that defendants filed false criminal charges against him and fabricated evidence to ensure his placement in

administrative segregation upon his transfer to a Colorado Department of Corrections (CDOC) facility. Plaintiff is currently incarcerated at the Colorado State Penitentiary. In his motion for a temporary restraining order and a preliminary injunction, he alleges that he will be housed temporarily in the Adams County Detention Facility for a state post conviction relief hearing set for September 16, 2005. Plaintiff asserts that he will "suffer incalculable psychological harm, and very likely significant physical injury as well" if the court does not issue an order requiring the defendants to house him in another county jail and transport him to the Adams County courthouse for his hearing.

Because "a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)(citation omitted). To obtain a preliminary injunction, the movant must establish the following factors: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury if the preliminary injunction is denied; (3) that the threatened injury to the movant outweighs the injury to the other party if the injunction issues; and (4) that the injunction is not adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2000). The movant must demonstrate that the four factors weigh heavily and compellingly in his favor when he seeks a preliminary injunction which disturbs the status quo, is mandatory as opposed to prohibitory, or which will afford the movant substantially all the relief he may recover after a full trial on the merits. *SCFC ILC, Inc.*, 936 F.2d at 1098-1099.

Plaintiff alleges that he has been housed at the Adams County Detention Facility several times for state court appearances in 2000, 2001 and 2003. Plaintiff states that

during his most recent stay in the Adams County Detention Facility [for a period of five-and-one-half months in 2003] he was housed in a regular cell, given a regular clothing issue, and allowed basic hygiene items, but was placed in segregation and locked down twenty-three hours a day without a hearing. *See* Affidavit of Justin Rueb, at ¶29, filed August 29, 2005. Rueb further states that during that period he was not allowed to exercise outdoors, was denied visitation and commissary privileges, and was denied access to paper and a photocopier. *Id.* at ¶¶29, 31. Plaintiff was allowed only two stamped envelopes per week. *Id.* at ¶31. Plaintiff was also subjected to daily strip searches and twice daily cell searches, which caused him severe psychological stress. *Id.* at ¶32. Plaintiff asserts that he will likely be subject to similar treatment if he is housed in the Adams County Detention Facility for his September 16, 2005 state court hearing.

Defendants filed their response to the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction on September 12, 2005. They state at ¶ 2 that they have voluntarily made arrangements with the CDOC to house plaintiff during all criminal proceedings before the Adams County district court. Because the relief sought in plaintiff's motion concerned his return to the Adams County Detention Facility due to his scheduled court proceedings beginning on September 16th, and defendants have now arranged to house plaintiff at a CDOC facility, the relief plaintiff sought is now moot. There can be no threatened or irreparable injury because plaintiff will not be housed at the Adams County Detention Facility, and plaintiff's motion accordingly fails.

For the reasons set forth above, it is

**RECOMMENDED** that:

plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [doc. # 362, filed August 29, 2005] be **DENIED as moot**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 14th day of September, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge
